**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| **Billie Meacham,** | Case No.: |
| Plaintiff, | **COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL PURSUANT TO THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, ET SEQ.** |
| v. | |
| **Enhanced Recovery Company, LLC,** | **JURY TRIAL DEMANDED** |
| Defendant. | |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices

**COMPLAINT**                                       1

by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses.

2. Billie Meacham ("Plaintiff"), through their attorneys, brings this Complaint against Enhanced Recovery Company, LLC ("Defendant") for its violations of the FDCPA, 15 U.S.C. §§ 1692 et seq., for continuing to attempt to collect a debt after failing to send validation in response to a request sent by Plaintiff.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all of its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

5. All violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid these violations.

## **JURISDICTION & VENUE**

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, because this case arises from a violation of federal law, the FDCPA.

7. This Court has personal jurisdiction over Defendant because Defendant directed its unlawful collection attempts at Plaintiff, a Washington resident.

8. Venue is also proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in Snohomish County, Washington, which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and (iii) Defendant conducted business within this judicial district at all times relevant.

9. More specifically, Defendant abusively sought to collect a debt by continuing to collect without providing validation of debt, which occurred while

Plaintiff was located in Kittitas County.

## PARTIES & DEFINITIONS

10. Plaintiff is an individual residing in Ellensburg, Washington, and Plaintiff is, and at all times mentioned was, a "consumer" as defined by 15 U.S.C. § 1692a(3).

11. Upon information and belief, Defendant is, and at all times mentioned herein, was a debt collection agency located in Jacksonville, Florida.

12. Upon information and belief, Defendant has a principal place of business at 8014 Bayberry Rd., Jacksonville, FL 32256.

13. Defendant, in the ordinary course of business, regularly, on behalf of itself or others, engages in "debt collection". Accordingly, Defendant is a "debt collector," as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

14. Sometime prior to October 2021, Plaintiff allegedly incurred some financial obligations owed to the original creditor, Capital One Bank N.A., in the amount of $999.32 (the "Debt"). Plaintiff takes no position as to whether the debt is owed. These obligations were money, property, or their equivalent, which are due or owing, or alleged to be due or owing, from a natural person to another, and were therefore "debt(s)" as defined by 15 U.S.C. § 1692a(5).

15. Sometime thereafter, but before October 2021, Plaintiff allegedly fell behind on the payments owed on the Debt.

16. Afterwards, the alleged Debt was allegedly assigned, placed, or otherwise transferred, to Defendant for collection. Thereafter, Defendant began contacting Plaintiff in attempt to collect upon the Debt.

17. On or around October 8, 2021, Defendant sent Plaintiff a letter via mail in their attempt to collect on the Debt from Plaintiff.

18. The October 8, 2021 letter was a "communication" pursuant to 15 U.S.C. § 1692a(2).

19. Concerned by Defendant's collection letter, on or around October 19, 2021, Plaintiff sent Defendant a letter via email requesting validation, verification and proof of the Debt (the "Dispute"), the email was not returned as undeliverable.

20. Despite Plaintiff sending the Dispute via email to Defendant, Defendant moved forward with collection attempts against Plaintiff without validating the alleged debt.

21. Specifically, without providing Plaintiff with the requested validation, verification, and/or proof of the Debt, Defendant sent Plaintiff a collection letter dated November 22, 2021, attempting to collect the Debt from Plaintiff.

22. Additionally, without providing Plaintiff with the requested validation verification, and/or proof of the Debt, on or around February 3, 2022, Defendant sent Plaintiff another collection letter dated February 3, 2022, attempting to collect the Debt.

23. Defendant never responded to Plaintiff's Dispute and has not provided Plaintiff with the requested validation, verification, and/or proof of the Debt as requested in Plaintiff's Dispute.

24. Defendant's failure to validate Plaintiff's alleged debt before continuing to attempt to collect on the alleged debt violated 15 U.S.C. § 1692g(b) by continuing with repeated attempts to collect upon the alleged debt from Plaintiff without providing Plaintiff's request for validation, verification, and/or proof of the Debt, in complete disregard of Plaintiff's Dispute.

25. Specifically, Section 1692g(b) of the FDCPA states in pertinent part that "[i]f the consumer notifies the debt collector in writing within [a] thirty-day period . . . that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original credit, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment . . .."

26. Defendant's repeated attempts to collect on the alleged debt were harassing and abusive, in violation of 15 U.S.C. § 1692d.

27. Moreover, section 15 U.S.C. § 1692d states that: "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

28. Defendant's communications also violated 15 U.S.C. § 1692e and §1692e(10), by using false representations and deceptive means in connection with its attempts to collect the Debt from Plaintiff.

29. Defendant's communications also violated 15 U.S.C. § 1692f by using unfair and unconscionable means in connection with the collection of Plaintiff's alleged debt.

30. Due to Defendant's ongoing violations of the law, Plaintiff was required to bring this action to finally resolve Plaintiff's disputes and ensure safeguards are put in place to protect Plaintiff from future unlawful debt collection practices and harassment.

## CAUSES OF ACTION

### COUNT I

### VIOLATION OF THE FDCPA

### 15 U.S.C. §§ 1692 et seq.

31. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs above.

32. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 et seq. Specifically Defendant has violated 15 U.S.C. §§ 1692d, 1692e, 1692e(10), 1692(f), and 1692g(b).

33. As a result of Defendant's violations of 15 U.S.C. § 1692 et seq., Plaintiff is entitled up to $1,000 in statutory damages and actual damages, in addition to reasonable attorney's fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and that Plaintiff be awarded damages from Defendant, as follows:

- An award of $1,000 in statutory damages to Plaintiff for each and every violation of 15 U.S.C. §§ 1692, et seq. by Defendant, pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of actual damages to Plaintiff for each and every violation of 15 U.S.C. § 1692 by Defendant, pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of costs of litigation and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k(a)(3); and
- Any other further relief that the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

34. Pursuant to the Seventh Amendment of the Constitution of the United States of America, and Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury of any and all triable issues.

Dated: October 20, 2022

Respectfully submitted,

BY: /s/ RYAN L. MCBRIDE
    RYAN L. MCBRIDE, ESQ.
    COUNSEL FOR PLAINTIFF

Ryan L. McBride
**Kazerouni Law Group, APC**
301 E. Bethany Home Road, Suite C-195 Phoenix, AZ 85012
Telephone: (800) 400-6808
Facsimile: (800) 520-5523
ryan@kazlg.com

COMPLAINT    6